*Davis*, for appellant.

*Alexander & Turney, Hanson*, for appellee.

---

GEO HAMILTON, ETC., *v.* A. M. BARNES, ETC.

**Continuance—Diligence—Sound Discretion of the Court.**

The court does not abuse a sound discretion in overruling a motion for continuance, where the same order had been repeatedly moved by the same party who had shown no diligence in procuring a copy of their discharge in bankruptcy, especially where there was a rule to try.

**Evidence—Records and Proceedings of United States Courts—How Procured.**

The court properly refused to allow the certificate of the discharge in bankruptcy of Hunt & Berry to be read for any purpose. Section 18, chapter 35, Revised Statutes, requires that records and proceedings of the courts of the United States shall be attested by the clerk with the seal of the court annexed, and certified by the judge of the court to be attested in due form before they shall be entitled to faith and credit in this state. This regulation must be regarded as the rule of evidence in this state.

**Limitation—Statute Becomes Bar—Subsequent Legislation Does Not Affect.**

The statutory bar had become complete before the act was passed, and it is not to be assumed that the Legislature intended to revive rights barred at the time of the enactment.

**Depositions—Bias Subsequently Removed Does Not Make Competent.**

A witness being incompetent when his deposition is taken, a subsequent verdict in his favor cannot be made to relate back to that time, so as to remove the bias under which he then labored.

**Appeals and Errors—Reversal As to One Party No Cause As to Others.**
An appellant has no right to demand a reversal of a judgment against him because of the fact that it must be reversed as to another appellant.

**New Trial—Liabilities Several and Joint.**
Where the liabilities of the parties are several as well as joint, a new trial may be granted as to one and the verdict allowed to stand as to the others. Where a defense is merely personal it cannot be made to operate in favor of another party.

**Trial—Verdict—Informality.**
When a verdict leaves no fact to be ascertained by the court, but a mere calculation to be made, it is not void.

**Payment—Application As Between Particular Debts.**
When a debtor fails to direct how a payment shall be applied and his creditor applies it to the wrong debt, he cannot be heard to say that this mistake exonerates him from paying the debt sued on.

APPEAL FROM BOURBON CIRCUIT COURT.

April 4, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

This was an action upon a bill of exchange for five thousand eleven hundred dollars, drawn by James C. Hamilton, on Hunt and Berry, in favor of George Hamilton, and endorsed to Hoffman, Barnes & Co.

The suit was instituted in the Montgomery Circuit Court on the 26th of January, 1859, the Hamiltons only being made defendants.

In February, 1859, they answered claiming that they were accommodation parties to the bill, which fact was known to the holders, and that they had been released by the failure of plaintiffs to use legal diligence in the collection of the debt from Hunt and Berry, the real debtors, they also relied upon the right of protest, notice, etc.

On the 1st of March, 1859, George Hamilton filed an amended answer giving a detailed statement of the transactions between the firms of Hunt & Berry and Hoffman, Barnes & Co., and asked that the latter be required to answer certain interrogations as to the state of the accounts between said parties.

At the same time, plaintiffs, by an amended petition, set up the fact that H. H. Turner, a member of the firm of Hoffman, Barnes & Co., had sold out his entire interest to the remaining partners, and asked that his name be stricken from the docket as a party plaintiff, he being no longer involved in the matter in controversy. Proper security as to costs having been given this order was entered, and Turner made a party defendant.

In February, 1861, by another amendment, the fact of the withdrawal of Hoffman from the firm in question was set up and a similar order made with reference to him.

In 1863, the case was by change of venue removed to the Clark circuit court, where a trial was had in November, 1865. A verdict was found for the defendants, but upon motion this verdict was set aside and a new trial awarded.

At the same term the plaintiffs filed still another amended petition, making Hunt & Berry, the acceptors of the bill, parties defendant, and asked for judgment against them. These parties amended at once, pleading and relying upon the statute of limitation as a bar to the action as against them.

In May, 1869, the venue was changed to the Bourbon circuit court.

In October, 1870, the Hamiltons withdrew all their answers and in lieu of them filed a special plea of judgment, which was to be considered as traversed upon the record, the plaintiffs having the right to give in evidence all matters of avoidance to such plea, as though specially relied on in their pleadings.

Hunt & Berry also filed an amended answer pleading their discharge in bankruptcy.

In October, 1870, another trial was had, which resulted in a verdict and judgment for the plaintiffs, and from that judgment this appeal is prosecuted.

We will endeavor to notice such of the numerous errors assigned by the appellants.

It does not appear that the court abused a sound discretion in overruling the motion of the defendants for a continuance of the cause; the same order had been repeatedly moved at their instance; they had manifested no diligence in procuring a copy of the discharge in bankruptcy granted to Hunt & Berry by the United States district court for the State of Il-

linois; they were notified by the order made at the previous term of the court that they would be compelled to try the case when again reached for trial, and they ought not to have waited until the next term was about to commence before procuring the copy of such discharge. That they were not misled by an agreement with appellees or their counsel is evidenced by the fact that they did at that late hour attempt to procure the necessary proof of the existence of a fact, which they now claim was to be admitted upon the trial.

The court properly refused to allow the certificate of the discharge in bankruptcy of Hunt & Berry to be read for any purpose. *Sec. 18, Chapter, 35, Revised Statutes,* requires that records and principal proceedings of the courts of the United States shall be attested by the clerk with the seal of the court annexed, and certified by the judge of the court to be attested in due form, before they shall be entitled to faith and credit in this State. This regulation does not conflict with any act of congress upon the subject, and it must be regarded as the rule of evidence in the courts of this State. The decisions in the cases of *Mason v. Lawrence,* 1*st Cv. C. C.* 190, and *United States v. Wood,* 2*d Wheaton, Civ. Cases* 326, settle the rule as to the different circuit or district courts of the United States, but have no application to the practice in the State courts.

Hoffman & Turner were competent witnesses, for the appellee's proper orders had been made as to them for the security of past and prospective costs. The case of *Dougherty v. Smith & Urline* was deliberately and, as we think, properly overruled by this court by the opinion delivered in December, 1864, in a case between these same parties.

The plea as to usurious interest claimed to have been paid was so indefinite that it might properly have been disregarded. It is, therefore, no ground of complaint that the jury failed to allow a sufficient sum or a credit on account of such usury.

The action of the court in sustaining the exceptions to the deposition of Hunt presents a question of some difficulty. These exceptions were based upon the incompetency of the witness. The court was asked by the parties to pass upon all exceptions to depositions before the trial began. At that time it was impossible to tell whether or not Hurt's plea of the statute of

limitations would prove availing. It seems to us that the court could do nothing less under the circumstances than to sustain the exceptions.

The same reason which induced the court to sustain the exceptions before the commencement of the trial existed at the time the appellants subsequently offered to read the deposition, and the court did not err in refusing at that time to allow it to be read.

The court erred, however, in its instructions to the jury, when the special issue between the appellees and Hurt as to his plea of limitation was submitted.

If it be admitted that the act of March 5, 1865, applying to the county of Bath the statute of February 24, 1864, could in any state of case be made to apply to a suit prosecuted in Montgomery county, because one of the defendants lived in Bath, it certainly does not affect the rights of the parties to this controversy. The statutory bar had become complete before the act was passed, and it is not to be assumed that the legislature intended to revive rights barred at the time of this enactment. *Cassity v. Storms, 1st Bush* 452.

But if the jury had been properly instructed and the finding had been favorable to Hurt his deposition could not have been read as evidence in favor of the other defendants. Being an incompetent witness when he gave the deposition, a subsequent verdict in his behalf could not be made to relate back to that time, and remove the bias under which the law presumes he then labored. *Hoddix' Heirs v. Hoddix' Admr., 5th Littell* 202.

It appears from the affidavit of John B. Huston, one of the attorneys for appellants, that Hunt was absent from the county of Bourbon at the time of the trial of the action, and hence a verdict in his favor would not have enabled the other defendants to use him as a witness even if he had been rendered competent by a favorable verdict. It results, therefore, that none of the appellants except Hunt have a right to complain on account of the error indicated.

Nor have they the right to demand a reversal of the judgment as to them, because of the fact that it must be reversed as to Hunt. As drawers, acceptors and endorsers of the bill of exchange, their liabilities are several as well as joint. A new trial

might have been granted to Hunt in the court below, and the verdict allowed to stand as to the other defendants. *Shelton, etc., v. Hoslow*, 15 B. Monroe 549. *Dougherty v. Dorsey*, 4th Bibb 210. His defense is merely personal; it does not go to the merits of the controversy, and can not be made to operate in favor of any one except himself. The case of *Coon v. Conway*, 3d *Dana* 154, seems to conflict with the conclusion, but it is supported by the later cases, which, in our opinion, establish the correct rule. The verdict of the jury conforms substantially to the provisions of the Civil Code of Practice, in the exercise of their right to do so they found specially as to certain facts.

1st, that the plaintiffs were entitled to recover the amount of the bill sued on with interest from its maturity. As to this amount there was no controversy, hence there was no issue to be determined.

2d, that defendants were entitled to a verdict of $128.33, with interest, on account of usurious interest contained in the bill. Also the further credit of $457.33, as set forth in the instructions. It is complained that the dates of these two credits are not fixed. This objection is more specious than solid. As to the usury, as a matter of necessity, being incorporated into the bill, it should bear interest from its maturity. The date of the credit for $457.33 is shown by an endorsement on the back of the bill itself.

The verdict left no fact to be ascertained by the court, nothing except a mere calculation remained to be done. The verdict fixed the amount of the recovery, and although informal, it was not void. It can not be said that the jury did not assess the amount of the recovery. Such amount is rendered sufficiently certain by the record. *Brannin & Smith v. Foree's Admrs.*, 12 B. Monroe 506.

Instruction No. 4, asked for by appellants, was properly refused. It was misleading in this: It wholly ignored all the evidence tending to show that the application of the proceeds of the two $3,000-bills to other debts than the bill sued on had been notified by at least some of the defendants.

The modification to instruction No. 7 was properly made and was in no way prejudicial to appellants.

We perceive no available objection to appellee's first instruc-

tion.  If appellants failed to direct how the proceeds of the two $3,000-bills should be applied, and their creditors applied such proceeds to the payment of the wrong debts according to strict principles of law, still as they have thereby received the full benefit of the payment they ought not now to be heard to say that this mistake exonerates them from the payment of the debt sued on.  The object of this instruction is only to protect appellees against such a consequence.

No. 2 is also correct.  The special plea of payment did not involve a settlement of accounts between the firms of Hoffman, Barnes & Co. and Hunt & Berry.  No issue of that kind was raised by the pleadings.

Without discussing each instruction separately, we are clearly of opinion that (except as to Hunt) the law of this case was substantially given to the jury, and as their finding was clearly right, we will not disturb the judgment of the court below on account of errors purely technical and by which the appellants were not prejudiced.

The face of the bill shows that the parties to it contemplated its protest in case of dishonor, and although such protest was unnecessary, they can not now escape the payment of the notary's fees.

The judgment appealed from is reversed as to Appellant Hunt, and the cause remanded with instructions to dismiss the petition as to him.  He will recover his costs in this court, including an attorney's fee.

As to all the other appellants, the judgment is affirmed.  Appellees will recover against them their costs in this court, including attorney's fees.

*Huston, for appellants.*
*Waters, Turner, for appellees.*